UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONIN BELESHI,

    Plaintiff,

v.                                                                                  Case No. 07-14661
                                                                                   Hon. Sean F. Cox

U.S. STEEL GREAT LAKES WORKS,

    Defendant
_____

## **OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to dismiss. A hearing was held July 10, 2008. Plaintiff did not file a written response to Defendant's Motion, but was present for the hearing. For the following reasons, the Court **GRANTS** Defendant's Motion to dismiss.

### I.    BACKGROUND

This action arises out of alleged harassment and discrimination Plaintiff suffered from one of Defendant's employees. Plaintiff alleges that in July 2007, he was employed as a truck driver by "Bobby G's." On August 9, 2007, he was dispatched to Defendant's business to pick up a load. Plaintiff needed a form and asked the woman working at the front window for one. Plaintiff claims that she started screaming and yelling at him and refused to help. Another driver gave Plaintiff the form he needed. After completing the form, he tried to return it to the woman at the front window. According to Plaintiff, the woman again began yelling at him and told him to "get out of here," and to "leave the property or I will call the police."

Plaintiff complied and left the office. However, he was approached by two security

1

guards. The security guards asked Plaintiff for his driver's license and social security card, which he supplied. They also requested he submit to a drug and alcohol test. The security guards told Plaintiff the woman at the window claimed Plaintiff had grabbed and pushed another driver. The drug and alcohol tests were negative. When the results came back, the security guards apologized and told Plaintiff he was welcome to come back, but that he should leave for the rest of that day. For the next week, Plaintiff returned to pick up loads without incident.

After about a week, Plaintiff went to pick up a load and encountered the same woman working the front window. Plaintiff alleges that as soon as she saw him she started yelling and screaming for him to leave. Plaintiff asked to talk to the woman's boss. Plaintiff claims the woman's boss told him to leave because they had filed a report against him with the Inkster police. Plaintiff left and went immediately to the Inkster Police Department. No reports had been filed against him. Plaintiff claims that after that incident, another driver, Xhevat Latifi, approached him and told him that the woman working the window asked Latifi to falsely claim Plaintiff had grabbed and pushed him.

Plaintiff contends that as a result of Defendant's mistreatment, his employment, income, future and reputation have been affected. Plaintiff further contends that he has been "mistreated, harassed, discriminated against and slandered" by Defendant.

Plaintiff filed a Complaint on October 31, 2007. On March 18, 2008, after reviewing and finding that the summons had not been returned executed, this Court issued an order to show cause why this case should not be dismissed for failure to effect timely service of process. On March 26, 2008, Plaintiff responded to the order to show cause and asked for more time to hire counsel. No counsel has filed an appearance on Plaintiff's behalf.

2

On May 7, 2008, in lieu of an answer, Defendant filed the instant Motion to dismiss arguing that there is no federal question subject matter jurisdiction based on Plaintiff's Complaint. Defendant also argues that there is no personal jurisdiction because the Complaint was not properly served.

## II. STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor". *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted); see also Fed.R.Civ.P. 12(b)(6). The plaintiff is not required to provide detailed factual allegations, but must "provide the grounds of his entitlement to relief" by offering more than "labels and conclusions." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient to state a claim. *Id*. at 1965. The plaintiff is required to plead enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974.

## III. ANALYSIS

### A. Subject Matter Jurisdiction

Defendant contends this case should be dismissed for lack of subject matter jurisdiction. Defendant points out that the civil cover sheet filed with Plaintiff's Complaint indicates there is federal question jurisdiction. However, Defendant argues that Plaintiff's Complaint fails to allege a claim under federal law.

Plaintiff's Complaint does not allege a violation of federal law. Although Plaintiff claims

he was discriminated against, he does not allege any facts to support a claim of discrimination under federal law. However, at the hearing, the parties alleged sufficient facts for the Court to conclude there is diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. At the hearing, Plaintiff alleged he is a resident of Michigan and there is approximately $2.5 million in controversy. Counsel for Defendant alleged that Defendant is a Delaware corporation with a principal place of business in Pennsylvania.

A complaint must allege sufficient facts to establish jurisdiction. Fed.R.Civ.P. 8(a). However, "federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Associates, Inc*., 150 F.3d 604, 607 (6th Cir. 1998). Additionally, a pro se pleading is held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because the Plaintiff adduced all of the necessary facts to establish diversity subject matter jurisdiction at the hearing, the Court will not dismiss Plaintiff's claim for lack of subject matter jurisdiction.[1]

**B.      Service of Process**

Defendant argues this case should also be dismissed for lack of personal jurisdiction because it was not properly served. Plaintiff mailed the summons to Defendant via certified mail. The mail was signed for by a mail room employee who is not authorized to accept process on Defendant's behalf.

---

[1] Even if Plaintiff began by erroneously alleging federal question jurisdiction, his complaint could easily have been amended to properly allege diversity subject matter jurisdiction based on counsel's assertions at the hearing. See, *Miller v. Davis*, 507 F.2d 308, 311 (6th Cir. 1974).

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999). Fed.R.Civ.P. 4 governs service of process in federal actions. With respect to corporations, the Rule provides that a corporation must be served either: (1) in a judicial district of the United States either in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment; or (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i). Fed.R.Civ.P. 4(e)(1) provides that service may be made under state law in which the district is located.

With respect to corporations, Michigan law provides that service may be made by: (1) serving a summons and a copy of the complaint on an officer or the resident agent; (2) serving a summons and copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation; (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired; (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporation and Securities Bureau if (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as

5

required by law; (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or (c) the corporation's term of existence has expired. MCR 2.105(D).

Defendant contends it was not properly served because Plaintiff merely mailed the documents, via certified mail, to Defendant's general address. The package was signed for by a mail room employee who is not authorized to accept service. Defendant submits an affidavit from a labor relations employee averring that the mail room employee who signed for the package was not authorized to accept service of process.

Plaintiff does not refute Defendant's argument, and thus has not demonstrated that he has made proper service by serving an authorized agent. See *O.J. Distributing, Inc. v. Hornell Brewing Company, Inc.*, 340 F.3d 345, 354 (6th Cir. 2003); and Grissom v. General Motors Corporation, 2008 WL 114783 (W.D.Mich. 2008). The fact that Defendant is aware of the action does not cure defective service of process. *Friedman v. Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

Accordingly, pursuant to Fed.R.Civ.P. 12(b)(2), because this Court lacks personal jurisdiction due to a failure to effect proper service, Plaintiff's Complaint is dismissed. This Court makes no ruling regarding the validity of any of Plaintiff's claims under state law.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to dismiss.

IT IS SO ORDERED.

                                      S/Sean F. Cox  
                                      Sean F. Cox  
                                      United States District Judge

Dated: July 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 16, 2008, by electronic and/or ordinary mail.

                                    S/Lisa Ware for Jennifer Hernandez
                                    Case Manager